UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Nos.  10-CIV-60821-COHN/WHITE
08-CR-60208-COHN

DAVID REIGOSA,

    Petitioner/Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## FINAL JUDGMENT

**THIS CAUSE** is before the Court upon the filing of the Motion to Vacate Sentence [DE 1], United States Magistrate Judge White's Report and Recommendation [DE 10] and Petitioner's Objections [DE 11].  The Court has reviewed *de novo* the file herein, and is otherwise fully advised in the premises.

### I.  BACKGROUND

Movant David Reigosa ("Movant" and "Reigosa") was convicted in this court of conspiracy to possess with the intent to distribute one kilogram or more of heroin following his plea pursuant to a written plea agreement.  The plea agreement contained an appellate waiver that did not specifically mention collateral attacks.  Plea Agreement, ¶ 8 [DE 85 in Case No. 08-60208-CR].  The Government dismissed two additional counts against Reigosa pursuant to the plea agreement.

The Pre-Sentence Investigation report ("PSI") found Reigosa's guideline level to be 34, after an increase of 5 levels due to his career offender status and subtracting

three levels for acceptance of responsibility.[1] Trial counsel did not file objections to the PSI, but did litigate at the sentencing hearing the reasonableness of the guideline range of 262 to 327 months (21.8 to 27.25 years). Trial counsel's sentencing memoranda in support of a sentence of ten to twelve years was supported by a comprehensive psychological evaluation by Dr. Michael Brannon, and testimony of family members. The Court concluded that a guideline sentence was appropriate and Reigosa was sentenced to 262 months.

Movant filed an appeal despite the presence of a sentencing waiver in his plea agreement. The Eleventh Circuit dismissed the appeal on that basis. Movant timely filed this motion to vacate sentence.

The petition in this case states four claims, two asserting that the sentence was unlawfully enhanced due to a juvenile conviction, one asserting constitutional error in his juvenile arrest and conviction, and a fourth claim for ineffective assistance of counsel during the state criminal proceeding and this federal proceeding because his counsel failed to challenge the juvenile conviction on grounds of violations of his right to be silent, his right to a Miranda warning, and the right of parental notification.

The Magistrate Judge recommended that Claims 1 and 2 be denied as they were waived by Movant's agreement to the plea that contained a sentencing appeal waiver, and that Claims 3 and 4 cannot be collaterally attacked in this federal proceeding, in addition to those claims being waived when Movant knowingly plead guilty to the state

---

[1] Movant had eleven criminal history points, which would have placed him in Criminal History Category V, if not for the enhancement to Category VI because of his career offender status.

claims.  Movant's objections focus first on the fact that the appeal waiver did not mention collateral attacks and therefore this motion to vacate was not waived.  Movant also objects as to Claims 3 and 4 because the Miranda violations preceded his appointment of counsel in the state proceeding.  After a *de novo* review, this Court agrees with the reasoning and analysis of the Magistrate Judge that the instant petition should be dismissed and/or denied.

## II.  DISCUSSION

The Magistrate Judge recommended that the motion to vacate sentence be denied because Movant freely and voluntarily entered a guilty plea with a sentencing waiver after a full discussion with the Court.  In this case, the undersigned Court held an extensive plea colloquy in which the Court read the sentencing waiver language and asked Movant if he understood that he was "agreeing to waive, that is, to give up your right to appeal any sentence imposed or to appeal the manner in which the sentence was imposed. . . ."  Plea Colloquy at p. 8 [DE 129 in Case No. 08-CR-60208].  Reigosa answered, "Yes, sir."  Id. at 9.  The Court gave Reigosa a chance to ask any questions "regarding the legal effect of the appellate waiver."  Id. at 10.  Reigosa did not have any questions.  Id.

Reigosa objects to the dismissal of his claims based upon the appellate waiver because the plain language of the appeal waiver does not discuss collateral attacks.  However, in Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005), the Eleventh Circuit Court of Appeal concluded that a valid appeal waiver precludes § 2255 claims based on ineffective assistance of counsel.  In the present case, Reigosa's

3

claims, though brought as a collateral attack, are not all based upon ineffective assistance of counsel.  In Williams, the appellate waiver in the plea agreement included the phrase "directly or collaterally" when describing the waiver.  Nonetheless, the reasoning of the Eleventh Circuit in Williams would apply to an appellate waiver that did not specifically mention waiver of a collateral attack to the sentence.  The Court in Williams stated that it was following the four other Circuit Courts of Appeal who reached the same conclusion regarding preclusion of § 2255 claims, since a contrary result "would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless."  Williams, 396 F.3d at 1342.

This Court therefore concludes that the present motion to vacate sentence may be denied because Reigosa had waived his right to attack his sentence.   The fact that this sentence attack comes in the form of a § 2255 motion does not lessen the affect of the appeal waiver – the claims are simply barred.

Even if the Court did not reach this conclusion and addressed the claims on their merits, the claims are still barred.  The sentence imposed while Reigosa was under the age of 18 was an adult sentence for 29 months for convictions of attempted robbery and aggravated assault pursuant to a negotiated plea.  See Report at p. 11; See DE 1-1 for state court sentencing form.  A youthful offender sentence is an adult sanction under Florida law.  State v. Drury, 829 So.2d 287, 289 (Fla. Dist. Ct. App. 2002).  Thus, even if Movant's present claims are not waived, the claims can be denied on their merits as to an allegedly unlawful sentence because the conviction was properly counted toward his career offender status.

As to Claims 3 and 4 concerning the alleged constitutional violations regarding his state court arrest and conviction when he was a juvenile, here again, the Court agrees with the Magistrate Judge that these claims were waived when Reigosa entered his guilty plea in state court while represented by counsel.  Report, at 16-18.  That plea affirmatively acted to waive a right to pursue challenges to his earlier confession. Movant has also failed to meet his burden as to any claim related to those state court proceedings under the ineffective assistance of counsel standard in Strickland v. Washington, 466 U.S. 668, 687 (1984).

Finally, the Court need not set an evidentiary hearing to reach this conclusion. Thus, even if the appellate waiver did not apply, the Court concludes that the motion to vacate sentence must be denied.

### III.  CONCLUSION

Accordingly, upon a *de novo* review, the Court concludes that the motion to vacate sentence filed in this case should be denied.  Therefore, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 10] is hereby **ADOPTED**.

2. Movant's Objections [DE 11] are hereby **OVERRULED**;

3. The Motion to Vacate Sentence [DE 1] in this case is hereby **DENIED**;

4. All pending motions are hereby **DENIED AS MOOT**;

5.      The Clerk shall close this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 31st day of January, 2011.

_____
JAMES I. COHN
United States District Judge

copies to:

David Reigosa, pro se
Beckley FCI
(via CM/ECF regular mail)